UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH GIARDALA,

                      Petitioner,

          -against-

E. BELL,

                      Respondent.

19-CV-11917 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Petitioner, currently incarcerated at Clinton Correctional Facility, brings this *pro se* letter

seeking the appointment of counsel to assist him in challenging his conviction. The Court directs

Petitioner to file an *in forma pauperis* (IFP) application and a petition for a writ of *habeas corpus*

under 28 U.S.C. § 2254, within sixty days of the date of this order as detailed below.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and

dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117,

123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and

interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of

Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted)

(emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless,

a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and

substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Plaintiff submits a letter in which he seeks the appointment of counsel for a case in which he claims he is innocent. He states that "the case is from 1995." (ECF 1 at 1.) He also states that he has "been in special education class growing up and have [sic] difficulty learning and understanding." (*Id.*) He provides phone numbers for his family members for the Court to contact. Attached to the letter is a request to proceed IFP and for the assignment of counsel.

Publicly available records indicate that on August 8, 2016, a New York Supreme Court, New York County jury convicted Petitioner of first-degree rape, first-degree sodomy, two counts of first-degree sexual abuse, and first-degree robbery, based on newly identified DNA evidence. *See People v. Giardala*, 165 A.D.3d 569 (App. Div. 1st Dep't 2018). Petitioner had moved in the trial court to dismiss the indictment as time-barred because the offense conduct had occurred in 1995. *Id.* at 569. The Appellate Division held that "[t]he applicable five-year state of limitations was tolled [citation omitted] because defendant's identity and whereabouts were unknown and unascertainable by the exercise of reasonable diligence [citations omitted]." *Id.* The Appellate Division noted that:

> After this 1995 crime, law enforcement authorities exhausted all reasonable investigative possibilities, and were not required to keep repeating the same futile steps. Years later, when DNA technology provided the ability to identify the perpetrator by matching DNA, this case was one of thousands of similar cases awaiting DNA comparison, and this reasonably accounts for any additional delay [citations omitted].

*Id.*

Petitioner appealed the Appellate Division's decision, and on January 18, 2019, the New York Court of Appeals denied him leave to appeal. *See People v. Giardala*, 32 N.Y.3d 1172 (2019).

**DISCUSSION**

**A.     Rule 2 of the Rules Governing Section 2254 Cases**

Petitioner submitted a letter to the Court indicating that he wished to challenge his state court conviction. But this letter is insufficient to initiate a federal proceeding. Instead, Petitioner must file a petition under 28 U.S.C. § 2254.

A petition brought under § 2254 is the proper vehicle for a petitioner to challenge "the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. A § 2254 petition must conform to the Rules Governing Section 2254 Cases. Rule 2(c) requires a petition to specify all of a petitioner's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. The petition must permit the Court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

Mindful of the Court's duty to construe *pro se* submissions liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court has analyzed Petitioner's letter and finds that neither the Court nor a respondent could discern the constitutional basis for Petitioner's challenge. Although he states that he is innocent, the letter does not provide any information regarding the underlying facts that support his claim of innocence. Moreover, although the Court learned of Petitioner's conviction and procedural history through publicly available records, the letter itself does not include any of this information. Finally, if Petitioner has other grounds challenging the constitutionality of his conviction, he must raise those grounds in the § 2254 petition or risk

forfeiting the opportunity to raise them in a future petition.[1] Thus, the Court concludes that to challenge his state-court conviction, Petitioner must file a § 2254 petition.

**B.      Leave to File a Petition**

The Court grants Petitioner leave to submit a petition within sixty days of the date of this order. Should Petitioner decide to file a petition, he must state his grounds for relief and provide facts in support of each ground. Petitioner also must submit a new IFP application or pay the $5.00 filing fee.

Petitioner is advised that he has one year from the date his judgment of conviction becomes final to file his petition. *See* 28 U.S.C. § 2254(d). Generally, a judgment of conviction becomes final following "the expiration of [the] 90-day period of time to petition for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000). Here, Petitioner's time to file a § 2254 petition expires one year and 90 days from the date the Appellate Division affirmed his conviction. *See* Sup. Ct. R. 13(1) (setting the 90-day deadline).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. Petitioner is directed to file a § 2254 petition and an IFP application containing the information specified above. The petition must be submitted to the Clerk's Office within sixty days of the date of this order, be captioned as a "Petition" and bear the same docket number as this order. A Petition Under 28 U.S.C. § 2254 form and an IFP application are attached to this

---

[1] If Petitioner does not raise all of his grounds in a single petition, he would need permission from the Court of Appeals for the Second Circuit to pursue any subsequent petition to litigate unraised grounds. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the application shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

order, which Petitioner should complete as specified above. Once submitted, the petition shall be reviewed for substantive sufficiency, and then, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, this action will be dismissed.

The Court denies Petitioner's request for the assignment of counsel (ECF No. 1) without prejudice to renewal after he files a petition under 28 U.S.C. § 2254.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 19, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

9. **<u>CAUTION:</u> You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10. **<u>CAPITAL CASES:</u> If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| v. | |

| The Attorney General of the State of |
|---|

**PETITION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    (b) Criminal docket or case number (if you know):

2.  (a) Date of the judgment of conviction (if you know):

    (b) Date of sentencing:

3.  Length of sentence:

4.  In this case, were you convicted on more than one count or of more than one crime?  ❏ Yes   ❏ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

6.  (a) What was your plea? (Check one)

    ❏ (1)   Not guilty        ❏ (3)   Nolo contendere (no contest)

    ❏ (2)   Guilty            ❏ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did
you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❏ Jury      ❏ Judge only

7.     Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❏ Yes      ❏ No

8.     Did you appeal from the judgment of conviction?

❏ Yes      ❏ No

9.     If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?          ❏ Yes      ❏ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?  ❒ Yes  ❒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ❒ Yes  ❒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes  ❒ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❑ Yes    ❑ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes      ❒ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1)  First petition:      ❒ Yes      ❒ No

(2)  Second petition:   ❒ Yes      ❒ No

(3)  Third petition:      ❒ Yes      ❒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)  **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏  Yes     ❏  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes     ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                          ❏  Yes     ❏  No

(4) Did you appeal from the denial of your motion or petition?                     ❏  Yes     ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏  Yes     ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❐  Yes          ❐  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ❐  Yes          ❐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ❐ Yes ❐ No

(4) Did you appeal from the denial of your motion or petition? ❐ Yes ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❐ Yes ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❏  Yes          ❏  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ❏  Yes          ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                     ❏  Yes          ❏  No

(4) Did you appeal from the denial of your motion or petition?                               ❏  Yes          ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏  Yes          ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❒   Yes          ❒   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒   Yes          ❒   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(3) Did you receive a hearing on your motion or petition?                    ❏    Yes        ❏  No

(4) Did you appeal from the denial of your motion or petition?               ❏    Yes        ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❏    Yes    ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):




(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:




(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

       have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ❏ Yes ❏ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ❏ Yes ❏ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ❏ Yes ❏ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16.      Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17.      Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      ❏  Yes    ❏  No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?      ❏  Yes    ❏  No

18.      TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)      A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

(full name of the plaintiff or petitioner applying (each person must submit a separate application))

-against-

_____

(full name(s) of the defendant(s)/respondent(s))

_____ CV _____ Tab to continue

(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

## APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed *in forma pauperis* (IFP) (without prepaying fees or costs), I declare that the responses below are true:

1. *Are you incarcerated?*  ☐ Yes  ☐ No  (If "No," go to Question 2.)

   I am being held at: _____

   Do you receive any payment from this institution? ☐ Yes ☐ No

   Monthly amount: _____

   If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2. Are you presently employed? ☐ Yes ☐ No

   If "yes," my employer's name and address are:

   Gross monthly pay or wages: _____

   If "no," what was your last date of employment? _____

   Gross monthly wages at the time: _____

3. In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

   (a) Business, profession, or other self-employment  ☐ Yes  ☐ No
   (b) Rent payments, interest, or dividends  ☐ Yes  ☐ No

(c) Pension, annuity, or life insurance payments    ☐ Yes    ☐ No

(d) Disability or worker's compensation payments    ☐ Yes    ☐ No

(e) Gifts or inheritances    ☐ Yes    ☐ No

(f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.)    ☐ Yes    ☐ No

(g) Any other sources    ☐ Yes    ☐ No

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

If you answered "No" to all of the questions above, explain how you are paying your expenses:

4. How much money do you have in cash or in a checking, savings, or inmate account?

5. Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

6. Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

7. List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

8. Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

*Declaration:* I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

_____      _____
Dated                                      Signature

_____      _____
Name (Last, First, MI)                    Prison Identification # (if incarcerated)

_____    _____    _____ _____
Address                       City                   State       Zip Code

_____      _____
Telephone Number                       E-mail Address (if available)